IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER LINUS,                                    :
    Plaintiff,                               :
                                             :
v.                                              :      CIVIL ACTION NO. 26-CV-1293
                                             :
THOMAS MCGINLEY, *et al.*,                       :
    Defendants.                              :

## MEMORANDUM

**BAYLSON, J.**                                                    **MAY 6, 2026**

Peter Linus, a prisoner incarcerated at SCI Coal Township, filed this civil rights action naming as Defendants the Superintendent of SCI Coal Township; the Governor, Attorney General and "Court Administrator" of Pennsylvania; the President Judge, Clerk of Court, District Attorney, Public Defenders Office, and "County Court Administrators" of Delaware County; the "Chester County Police Department;" and several attorneys. Linus also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

## I.    FACTUAL ALLEGATIONS[1]

Stated briefly, Linus asserts that he has been unlawfully detained, unlawfully arrested and kidnapped by Delaware County officials; robbed, falsely imprisoned, had perjured testimony

---

[1] The factual allegations are taken from Linus's Complaint and the attached materials (ECF No. 2), to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The Court deems the entire submission to constitute the Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors may be cleaned up as needed. The Court may consider matters of public record when conducting a screening under § 1915. *See e.g., Medina v. Allentown Police Dep't,* No. 23-2055, 2023 WL 7381461, at *2 (3d Cir. Nov. 8, 2023) (*per curiam*) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

"entered as truthful" by Commonwealth and Delaware County officials; denied effective assistance of counsel; and had his rights violated by all of the Defendants. (Compl. at 4.) He claims that Delaware County never had jurisdiction over him, the Defendants engaged in the unauthorized practice of law, and conspired to convict an innocent man. (*Id*.) He claims there is newly discovered evidence in his criminal case showing that there was no arrest warrant contained in the record because the issue date and return date of the warrant are not noted on the docket, and that the issuing authority in his case failed to maintain a docket in which to record the proceedings. (*Id*. at 5.) He asserts a claim for false imprisonment based on his extradition from Arkansas to Pennsylvania without a valid warrant because his name "is not Chuck Linus," the name written on the extradition form. (*Id*. at 31.) He also assert a claims for intentional infliction of emotional distress, unlawful arrest, perjured testimony, fundamental errors in his criminal proceedings, ineffective assistance of counsel, cruel and unusual punishment,[2] unlawful restraint, due process violation, unauthorized practice of law, legal malpractice, fraud on the court, and forgery. (*Id*. at 31-32.) As relief, he seeks immediate release from custody and money damages. (*Id*. at 32.)

Included with Linus's Complaint is a copy of a state habeas petition dated January 21, 2026 that he filed the Delaware County Court of Common Pleas asserting the same issues raised here (*id*. at 7-30); the docket sheets from his criminal case in the Court of Common Pleas (*id*. at 36-54) and the Pennsylvania Superior Court (*id*. at 56-61); an affidavit of probable cause and

---

[2] While Linus uses the phrase "cruel and unusual punishment" found in the Eighth Amendment, he does not raise any claims concerning the conditions of his confinement. This kind of passing reference to a legal provision is insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

criminal complaint filed June 6, 2018 signed by a magisterial district judge charging "Chuck Linus" with rape, statutory sexual assault, involuntary deviate sexual intercourse, indecent assault, and corruption of minors (*id*. 62-67); and motions for continuances filed by his counsel, (*id*. 69-71).  Public records indicate that Magisterial District Judge Wilden H. Davis issued an arrest warrant on June 6, 2018, and Peter Nwachukwu Linus was arraigned some eighteen months later on December 17, 2019 on the listed charges.  *Commonwealth v. Linus*, MJ-32120-CR-0000144-2018 (MDJ Delaware), CP-23-CR-0001507-2020 (C.P. Delaware).  He was found guilty of all of the charges on January 12, 2023, and those convictions remain intact.  The Pennsylvania Department of Corrections Inmate Locator result for Linus's prison identification number notes that Peter Nwachukwu Linus's aliases include "Chuck Linus."  *See* https://inmatelocator.cor.pa.gov/#/Result (last viewed Apr. 6, 2026).

## II.     STANDARD OF REVIEW

The Court grants Linus leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's

---

[3] Because Linus in a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

Because Linus is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per*

4

*curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

### A.    Federal Law Claims

Linus asserts constitutional claims.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Linus's § 1983 claims seeking immediate release from custody, however labeled, are not plausible.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action (citing *Preiser*, 411 U.S. at 500)).  The rule of *Preiser* means that a "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Accordingly, Linus's claims seeking release from confinement will be

dismissed. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

Neither can any claim seeking money damages proceed. A corollary of the *Preiser* principle is that a § 1983 plaintiff may not recover money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

Thus, Linus's claims for relief that are variously labeled as false imprisonment or unlawful restraint based on his extradition from Arkansas to Pennsylvania or due to his

conviction, unlawful arrest pursuant to the warrant,[4] perjured testimony,[5] and fundamental errors in his criminal proceedings,[6] would all, if successful, render his conviction invalid since they are core habeas claim barred by *Heck* and do not accrue unless and until his conviction is overturned or otherwise declared invalid.  His claim of due process violations also falls within that category, *Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (holding that any claim for money damages for alleged due process violation that implies the invalidity of punishment is not cognizable under § 1983), as does his claim of ineffective assistance of counsel, *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (*per curiam*) ("The portions of Davis's complaint that . . . charge his attorney with constitutionally inadequate representation, and challenge his sentence fall squarely

---

[4] As stated, public records reveal that Linus was arrested pursuant to a warrant issued by Magisterial District Judge Wilden H. Davis.  Claims of false arrest pursuant to a warrant and related imprisonment, generally treated as malicious prosecution claims because the warrant issued pursuant to legal process, accrue at the time the charges terminate in the litigant's favor. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process"); *Noviho v. Lancaster County*, 683 F. App'x 160, 166 (3d Cir. 2017) (*per curiam*) ("Arrests made pursuant to a 'validly issued—if not validly supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)); *Morales v. Busbee*, 972 F. Supp. 254, 266 (D.N.J. 1997) ("The 'legal process' that separates a false arrest/imprisonment claim from a malicious prosecution claim may be in the form of an arrest warrant, an arraignment, or an indictment.").  As Linus's conviction remains intact, this claim cannot proceed at this time.

[5] *See Buxton v. Dougherty*, 686 F. App'x 125, 127 (3d Cir. 2017) (stating that a judgment in plaintiff's favor on damages claims that defendants presented perjured testimony at preliminary hearing "would necessarily imply the invalidity of his conviction" (quoting *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996)); *Smith v. Delaware*, 624 F. App'x 788, 790 (3d Cir. 2015) (*per curiam*) (ruling that a civil rights claim asserting "that [a] conviction was based on perjured testimony" is precluded by *Heck*).

[6] *See*, *e.g.*, *White v. Tennessee*, No. 14-115, 2014 WL 3908203, at *4 (E.D. Tenn. Aug. 11, 2014) (*Heck* bars claims of "miscarriage of justice").

within *Preiser* and cannot be brought under § 1983"); *Telepo v. Martin*, 359 F. App'x 278, 280 (3d Cir. 2009) (*per curiam*) (claims were not cognizable under § 1983 when they were "based on alleged violations of [plaintiff's] Sixth Amendment right to assistance of counsel during the sentencing phase of his criminal trial"). Accordingly, none of Linus's constitutional claims for money damages can proceed at this time.

### B.    State Law Claims

Linus also assert claims for intentional infliction of emotional distress, robbery, kidnapping, unauthorized practice of law, legal malpractice, fraud on the court, and forgery. Having dismissed Linus's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of

citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Linus does not allege the citizenship of the parties. Rather, he provides only the addresses of SCI Coal Township for himself, is suing Pennsylvania officials, and provides Pennsylvania addresses for all Defendants, which suggests that diversity is lacking. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.    CONCLUSION

For the reasons stated, Linus's Complaint is dismissed. All federal law claims are dismissed without prejudice because they are barred by *Heck*. All state law claims are dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order will be entered dismissing the case with no leave to amend granted.[7] Should Linus's convictions be overturned or otherwise called into question, he must file a new civil action at that time to raise his claims.

BY THE COURT:

/s/ Michael M. Baylson

MICHAEL M. BAYLSON, J.

---

[7] Linus's motions to appoint counsel and for service by the United States Marshal will be denied as moot.